IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| V. | § § | No. 4:23-CR-115-O |
| CHRISTOPHER JEROME TUCKER | § § § | |

**ORDER**

Defendant Christopher Jerome Tucker ("Tucker") filed a Motion to Withdraw Guilty Plea. *See* ECF No. 44. The Government responded and opposes his request. *See* ECF No. 48. In the instant motion and in previous correspondence, Tucker asserts various complaints against his then attorney, complaints related to investigative material related to his case, and that these complaints justify permitting him to withdraw his guilty plea. *See generally* ECF Nos. 29, 30, 31, 36, 38, and 44. Having considered the motion, response, and applicable law, Tucker's motion is **DENIED** for the following reasons.

A defendant does not have an absolute right to withdraw a guilty plea. *See United States v. Stephens,* 489 F.3d 647, 654 (5th Cir.2007). Withdrawal will be allowed after a guilty plea and before sentencing only if a defendant has shown that his request was supported by a fair and just reason. *See* Fed.R.Crim.P. 11(d)(2).[1] District courts have broad discretion in determining whether to permit a defendant to withdraw his guilty plea. *United States v. Carr,* 740 F.2d 339, 344 (5th Cir.1984). The following illustrative factors are considered in determining whether a fair and just

---

[1] Defendant makes no argument that he sought to withdraw his guilty plea before the Court accepted it. *See* Fed. R. Crim. P. 11(d)(1); *see also* Letter, ECF No. 31 at *2 ("[s]o I miss 14 days to talk about plea.").

1

reason has been shown:

> (1) whether or not the defendant has asserted his innocence; (2) whether or not the government would suffer prejudice if the withdrawal motion were granted; (3) whether or not the defendant has delayed in filing his withdrawal motion; (4) whether or not the withdrawal would substantially inconvenience the court; (5) whether or not close assistance of counsel was available; (6) whether or not the original plea was knowing and voluntary; and (7) whether or not the withdrawal would waste judicial resources; and, as applicable, the reason why defenses advanced later were not proffered at the time of the original pleading, or the reasons why a defendant delayed in making his withdrawal motion.

*Id.*

Tucker's motion fails to provide a fair and just reason supporting his request to set aside his guilty plea. Tucker signed his Factual Resume and Plea Agreement on April 14, 2023. He pled guilty before Magistrate Judge Cureton on April 28, 2023, and swore, among other things, that he understood what he was charged with, that the plea of guilty he entered was voluntarily made, and that he was satisfied with his counsel's representation. He then began complaining about his attorney in correspondence docketed on May 16, 2023. Tucker does not address the reason for the delay in pursuing this motion or his failure to raise the issues he now asserts during his guilty plea arraignment. His motion is therefore untimely.

In addition, Tucker does not address, other than in conclusory fashion, (1) his innocence,[2] (2) whether granting the motion would cause the government to suffer prejudice, (3) any inconvenience to the Court, or (4) why his guilty plea was anything other than knowingly and

---

[2] Defendant claims he asserted his innocence in a letter to the Court dated May 16, 2023. Mot. at *1, ECF No. 44. That is debatable. In the letters docketed that day, Defendant complains about other people making false statements as to his role in the conspiracy and he complains of his attorney. In one letter Defendant says "I didn't tell no one I sell drugs." *See* ECF No. 31. Whether he *told* anyone he sold drugs does not mean he has asserted his innocence to a charge of selling drugs. In another letter he says that the contraband found in room 124 was not his. Maybe, but the Government includes a photo of Defendant selling drugs to a confidential informant in room 254. Mot. at 2, ECF No. 48.

2

voluntarily made.[3] After reviewing the transcript from the Tucker arraignment, the Court concludes Tucker's plea of guilty was freely, voluntarily, and intelligently made. Overall, Tucker's motion does not show that his request is supported by a fair and just reason. As a result, Tucker's Motion to Withdraw Guilty Plea is **DENIED**.

    Signed this 28th day of June, 2023.

                                            _____
                                            Reed O'Connor
                                            **UNITED STATES DISTRICT JUDGE**

---

[3] In letters to the Court Defendant attached medical records which discuss his mental and physical health and in one letter he wrote he "had a hard time in school and now." *See* ECF Nos. 31, 36. To the extent he argues these show he did not understand the proceedings, this argument is belied by the transcript of his arraignment where he told Magistrate Judge Cureton that he understood the nature of the charges and the purpose of the arraignment.